■ VISION DEVELOPMENT GROUP OF BROWARD COUNTY, LLC, Respondent, v CHELSEY FUNDING, LLC, et al., Appellants. [841 NYS2d 272]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered May 2, 2006, which granted plaintiff's motion for a preliminary injunction against defendants' sale, disposition, or other compromise of any pledged interest in plaintiff pending determination of the action, unanimously reversed, on the law, without costs, and the motion denied.

Supreme Court improperly granted injunctive relief as plaintiff failed to demonstrate a likelihood of success on the merits on its request for a declaratory judgment. "[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms. Evidence outside the four corners of the document as to what was really intended . . . is generally inadmissible to add to or vary the writing" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Moreover, where, as here, the agreement contains a merger clause and a "no oral modification" clause, the court should not resort to extrinsic evidence in construing the language of the agreement (*see Jarecki v Shung Moo Louie*, 95 NY2d 665, 669 [2001] ["The purpose of a merger clause is to require the full application of the parol evidence rule in order to bar the introduction of extrinsic evidence to alter, vary or contradict the terms of the writing"]).

Here, the language of the pledge agreement in which plaintiff's principals pledged their respective membership interests in plaintiff as security for the loan amount from defendants was unambiguous. The pledge agreement clearly required plaintiff to close on 92 units within six months of entering into it. Thus, Supreme Court improperly examined the primary loan agreement between plaintiff and CORUS Bank, N.A., plaintiff's primary lender, to ascertain the intent of plaintiff and defendant in the pledge agreement.

Further, plaintiff's contention that the six-month provision in the pledge agreement was a "scrivener's error" is unavailing. Plaintiff hired counsel to review the pledge agreement and counsel issued an opinion letter raising no issues with the purportedly ambiguous provision of the pledge agreement. Also, as defendants explained, the six-month provision was specifically intended by the parties and included in the pledge agreement to provide defendants protection in the event of default by plaintiff. If the pledge agreement contained the same 10-month provision as the primary loan agreement between plaintiff and CORUS, in the event of plaintiff's default, CORUS would foreclose on the mortgage and sell the property, thus rendering the value of defendants' pledged interests worthless without giving defendants, in lieu of plaintiff, an opportunity to comply with the terms of plaintiff's senior loan agreement with CORUS. Concur—Tom, J.P., Andrias, Nardelli, Williams and Buckley, JJ. [*See* 2006 NY Slip Op 30104(U).]